767 So.2d 524 (2000)
Elsa SIERRA, Appellant,
v.
Jerome SHEVIN, Esq., and Jerome H. Shevin, P.A., Appellees.
No. 3D99-3221.
District Court of Appeal of Florida, Third District.
July 5, 2000.
Rehearing Denied September 27, 2000.
Santos, Dutton, Lynott, and Henry, and Harry L. Coe, IV, Tampa, for appellant.
Haliczer, Pettis and White, and Debra B. Potter, Fort Lauderdale, and Robert F. Bouchard, Miami, for appellees.
Before GERSTEN, FLETCHER, and RAMIREZ, JJ.
PER CURIAM.
Appellant Elsa Sierra appeals an adverse summary judgment in her legal malpractice action against Jerome Shevin, Esq. and Jerome H. Shevin, P.A. Because there are numerous issues of material fact and the trial court improperly weighed credibility, we reverse.
Sierra hired Shevin to represent her in her litigation against Equitable Life Assurance Society of the United States. Sierra applied for and was accepted for a disability *525 income insurance policy in April 1989. In completing the policy application, Sierra failed to record her having consulted two physicians for treatment for bronchitis and/or flu-like symptoms in November 1988. In addition, she failed to record the diagnosis of one of these doctors that she was suffering from reactionary depression.
During the summer of 1991, Sierra filed a claim under her disability income insurance policy. Shortly thereafter, Equitable instituted a lawsuit in federal court in order to rescind the insurance policy due to the existence of a pre-existing condition of depression, and Sierra hired Shevin to represent her. The district court judge denied Equitable's motion for summary judgment and the case proceeded to trial by jury.
At that trial, Jeffrey Moskowitz, Equitable's former chief underwriter for disability and major-medical product lines, testified that Equitable's standards prevented Equitable from extending a policy to an individual with depressive problems. He stated that, if the previous doctor visits from November 1988 had been revealed, Sierra's application would have been rejected. No expert witness was brought in to rebut Moskowitz's testimony. The jury returned a verdict in Equitable's favor. Sierra appealed, but the appeal was dismissed as untimely filed.
Sierra then instituted the present litigation against Shevin based on allegations of professional negligence. When Shevin filed a motion for summary judgment, Sierra countered with two affidavits, one from a legal malpractice expert and the other from an insurance underwriting expert. Sierra's legal malpractice expert, Dean Karikas, Esq., testified in his affidavit, among other things, that Shevin had proceeded on the wrong legal theory in disputing Sierra's responses to Equitable's application. Karikas concluded that the ultimate ruling in the underlying case would have been more favorable to Sierra had Shevin followed the correct standard. Sierra's insurance underwriting expert, Stu Warshauer, testified that Sierra's mental and physical condition, as well as the diagnosis from the November 1988 doctor visit, would not have been a material risk to Equitable if disclosed.
Shevin, on the other hand, did not file any accompanying affidavits along with his motion for summary judgment. The trial court, however, granted Shevin's motion and criticized Sierra's expert and the misrepresentations she made in the policy application. In essence, the trial court made a credibility judgment.
The standard of review of a summary judgment order is de novo and requires viewing the evidence in the light most favorable to the non-moving party. See Walsingham v. Dockery, 671 So.2d 166 (Fla. 1st DCA 1996). If the "slightest doubt" exists, then summary judgment must be reversed. See Hancock v. Department of Corrections, 585 So.2d 1068 (Fla. 1st DCA 1991). In ruling on a motion for summary judgment, the court may neither adjudge the credibility of the witnesses nor weigh the evidence. See Hernandez v. United Auto. Ins. Co., Inc., 730 So.2d 344, 345-46 (Fla. 3d DCA 1999), and cases cited.
For the above stated reasons, the trial court erred in granting final summary judgment in Shevin's favor.
Reversed and remanded.