*157
 
 LAGOA, J.
 

 Tropical Glass
 
 &
 
 Construction Co. (“Tropical”) appeals from the entry of a final summary judgment entered in favor of the defendants, Mark Gitlin, (“Gitlin”), and Ocariz, Gitlin, & Zomerfeld, LLP, (“OGZ”) (collectively “Defendants”). Because we find that a genuine issue of material fact exists as to whether Defendants negligently performed monthly bank reconciliations, we reverse the trial court’s entry of final summary judgment in favor of Defendants.
 

 I.
 
 FACTUAL AND PROCEDURAL HISTORY
 

 From January 2000 through January 2005, Tropical retained Gitlin, a certified public accountant, and OGZ, a certified public accounting firm, to perform accounting services. Two engagement agreements executed by the parties are at issue in this appeal.
 
 [1]
 
 The first engagement agreement, dated October 10, 2002, contains the following provisions:
 

 Our engagement will be designed to perform the following services:
 

 1. Prepare the Federal Income Tax Return (Form 1120), the Florida Corporate Income/Franchise and Emergency Excise Tax Return (Form F-1120).
 

 Our work in connection with the preparation of your income tax returns does not include procedures designed to discover defalcations or other irregularities, should any exist.
 

 [[Image here]]
 

 Our fee for these services will be based upon the amount of time required at standard billing rates plus out-of-pocket expenses.
 

 The second engagement agreement, dated September 12, 2003, provides as follows:
 

 Our engagement will be designed to perform the following services:
 

 1. Prepare the Florida Intangible Personal Property Tax Return (Form DR-6010.
 

 Our work in connection with the preparation of your income tax returns does not included [sic] procedures designed to discover defalcations or other irregularities, should any exist.
 

 [[Image here]]
 

 Our engagement cannot be relied upon to disclose errors, fraud, or illegal acts that may exist. For these reasons, you, and any successors, employees or assigns, understand, acknowledge and agree that neither our firm nor any of its employees or agents shall be liable for any act(s), omission(s), negligence (including gross negligence), breach, mistake in judgment, claims or causes of actions, whether legal or equitable, injury or damages of any kind whatsoever, arising from our engagement and that this release will survive the termination of the engagement with you. However, we will inform you of any material errors that come to our attention and any fraud or illegal acts that come to our attention, unless they are clearly inconsequential.
 

 Our fee for these services will be based upon the amount of time required at standard billing rates plus out-of-pocket expenses....
 

 On April 21, 2006, Tropical filed a complaint against Gitlin and OGZ, alleging that the Defendants had negligently performed monthly bank reconciliations and, as a result, the Defendants had failed to
 
 *158
 
 detect that Tropical’s bookkeeper had misappropriated Tropical’s funds for his own personal gain.
 
 [2]
 
 In response, Defendants filed an answer and affirmative defenses, as well as a counterclaim for Tropical’s failure to pay accounting fees and a third party complaint.
 

 Defendants filed a motion for summary judgment arguing that the monthly bank reconciliations were performed as a part of, and incidental to, the final preparation of Tropical’s annual tax returns. Additionally, Defendants asserted that, in accordance with the terms of the two engagement agreements, they did not have a duty to detect fraud by Tropical’s employees and, therefore, Tropical’s claim was contractually waived or released.
 

 In response, Tropical argued that the monthly bank reconciliations were not within the scope of the services contracted for in the engagement agreements — the preparation of annual tax returns — and, therefore, the engagement letters could not relieve Defendants of liability for their alleged negligence. In support of its argument, Tropical relied upon Gitlin’s deposition testimony that performing monthly bank reconciliations was not necessary to prepare tax returns, as well as affidavits from two accounting experts to the same effect. After a hearing, the trial court granted summary judgment in favor of Defendants. This appeal followed.
 

 II.
 
 STANDARD OF REVIEW
 

 Summary judgment is proper if no genuine issue of material fact exists and if the moving party is entitled to a judgment as a matter of law.
 
 Volusia County v. Aberdeen at Ormond Beach, L.P.,
 
 760 So.2d 126, 130 (Fla.2000). The standard of review for summary judgment is
 
 de novo. Id.
 
 In reviewing a summary judgment, this Court “must consider the evidence contained in the record, including any supporting affidavits, in the light most favorable to the non-moving party ... and if the slightest doubt exists, the summary judgment must be reversed.”
 
 Krol v. City of Orlando,
 
 778 So.2d 490, 492 (Fla. 5th DCA 2001). Moreover, courts must exercise great caution in granting summary judgment in negligence and malpractice actions.
 
 See Smith v. Grove Apartments,
 
 976 So.2d 582, 585 (Fla. 3d DCA 2007). Additionally, a trial court’s decision construing a contract presents an issue of law that is subject to the
 
 de novo
 
 standard of review.
 
 Fla. Power Corp. v. City of Casselberry,
 
 793 So.2d 1174, 1178 (Fla. 5th DCA 2001).
 

 III.
 
 ANALYSIS
 

 On appeal, Tropical raises two issues. First, Tropical argues that the plain language of the two engagement letters at issue does not bar its claims. Second, Tropical argues that conflicting evidence exists as to whether the monthly bank reconciliations were part of the tax return work and therefore summary judgment was inappropriate. The monthly bank reconciliations are the only accounting services Tropical alleges Defendants performed negligently.
 

 With regard to the first issue, Tropical is correct that neither of the two engagement letters contains a specific waiver or release for the preparation of monthly bank reconciliations. However, Defendants presented evidence below that the preparation of monthly bank reconciliations was incidental to the preparation of annual tax returns, and therefore, the ex
 
 *159
 
 culpatory language in the engagement letters applied. We, therefore, cannot conclude at this juncture that Tropical’s claims may not be potentially barred if the fact-finder determines that Defendants are correct in their assertion that the preparation of monthly bank reconciliations was not separate from, but rather incidental to, the preparation of the annual tax returns.
 

 Notwithstanding this, we agree with Tropical as to the second issue raised, and conclude that the trial court erred in granting Defendants final summary judgment. Based upon our review of the record, conflicting evidence exists as to whether the preparation of monthly bank reconciliations was separate and distinct from the preparation of annual tax returns. On the one hand, Defendants assert that it was performing the monthly bank reconciliations in order to prepare the annual tax returns. On the other hand, Tropical submitted the affidavits of two experts to the contrary, as well as Gitlin’s own testimony that performing monthly bank reconciliations was not necessary in order to prepare tax returns. This conflicting testimony alone creates a genuine issue of material fact precluding the entry of summary judgment.
 

 Conflicting evidence also exists regarding whether Defendants’ bills to Tropical confirm or rebut Defendants’ position. Defendants contend that the accounting services provided to Tropical consisted only of preparation of federal and Florida tax returns, and “incidental” accounting services. According to Defendants, these incidental services included the preparation of yearly financial statements and/or trial balances, periodic bank reconciliations, and interim sales tax returns that were necessary for the preparation of the annual tax returns.
 

 Gitlin testified, however, that in addition to and separate from his hourly fees for preparing Tropical’s tax returns, Tropical paid him $350 for monthly accounting services. Gitlin testified that these separate services included the preparation of monthly sales tax and monthly bank reconciliations on Tropical’s operating account.
 

 Defendants contend that the $350 monthly amount billed to Tropical constituted a monthly retainer, and that Tropical received a credit for these monthly fees in its year-end bill for the preparation of its annual tax returns. However, Tropical’s 2004 year-end bill shows no such credit, and furthermore, Gitlin denied knowledge of any written agreement between the parties concerning these monthly accounting services.
 

 Accordingly, because our review of the record reveals that genuine issues of material fact exist, entry of the summary judgment below was improper and requires reversal.
 

 Reversed and remanded.
 

 [1]
 

 . We do not address the contents of the two other unexecuted engagement letters that were not pled in Defendants’ first and second affirmative defenses, and, therefore, did not form the basis of Defendants’ motion for summary judgment.
 

 [2]
 

 . It is undisputed that Tropical’s bookkeeper diverted $540,000.00 for his own personal gain without Tropical’s knowledge or consent.