EDWARDS, J.
ON MOTION FOR CLARIFICATION
Appellee’s motion for clarification is granted in part and denied in part. The original opinion is withdrawn and the following opinion is substituted in its place.
William 0. McNair (“Appellant”) appeals the trial court’s entry of a summary final judgment of foreclosure in favor of Na-tionstar Mortgage, LLC (“Nationstar”). Appellant argues and we find that Na-tionstar’s proof was lacking in the following regards: (1) it failed to authenticate the loan payment history; (2) it failed to lay the foundation for admission of its business records and those of its predecessor; and (3) there was no competent, substantial evidence regarding the amount of interest that Appellant owed on the loan. Accordingly, we reverse the summary final judgment and remand for further proceedings.
In December 2006, Appellant and his wife executed a note, secured by a mortgage, in the amount of $257,600 payable to Aegis Wholesale Corporation. The note reflected an annual interest rate of 2.45%, and indicated that the interest rate could change monthly based upon an index. In September 2009, Aurora Loan Services (“Aurora”), an alleged assignee of the mortgage, filed a foreclosure complaint against Appellant, asserting in Count I that the May 1,2009, payment and all later payments had not been made. In Count II of its complaint, Aurora sought to establish and enforce a lost, destroyed or stolen note and mortgage. Aurora attached a copy of the note and mortgage to the original complaint.
In March 2011, Aurora filed an amended complaint that omitted the claim to rees *373 tablish the lost note and mortgage. The amended complaint included a copy of the note, mortgage, and an allonge to the note. The allonge contained three undated endorsements. The first endorsement was fi-om Aegis Wholesale Corporation to Aegis Mortgage Corporation. The second was from Aegis Mortgage Corporation to Residential Funding Company, LLC. The final endorsement was from Residential Funding Company to Deutsche Bank Trust Company Americas (“Deutsche Bank”).
In April 2013, Nationstar was substituted as the plaintiff based on Aurora’s motion. Nationstar asserted that it was authorized to maintain the foreclosure action on behalf of Deutsche Bank as the new servicer of the loan. Nationstar filed its motion for summary judgment in July 2014, attaching the supporting affidavit of A.J. Loll, a Vice President of Nationstar. It also filed a copy of the note and mortgage, the pooling and servicing agreement, the assumption agreement, the asset purchase agreement between Aurora and Nationstar, a default letter, Appellant’s purported loan payment history, and the notice of assignment of servicers from Aurora to Nationstar.
“The standard of review of a summary judgment order is de novo and requires viewing the evidence in the light most favorable to the non-moving party.” Sierra v. Shevin, 767 So.2d 524, 525 (Fla. 3d DCA 2000) (citing Walsingham, v. Dockery, 671 So.2d 166, 172 (Fla. 1st DCA 1996)). “Summary judgment is proper if there is no genuine issue of material fact and if the moving party is entitled to a judgment as a matter of law.” Volusia Cty. v. Aberdeen at Ormond Beach, L.P., 760 So.2d 126, 130 (Fla.2000) (citing Menendez v. Palms W. Condo. Ass’n, 736 So.2d 58, 60 (Fla. 1st DCA 1999)). “If the ‘slightest doubt’ exists, then summary judgment must be reversed.” Sierra, 767 So,2d at 525 (citing Hancock v. Dep’t of Corr., 585 So.2d 1068, 1070-71 (Fla. 1st DCA 1991)).
 First, Loll’s affidavit failed to establish his personal knowledge regarding the documents relied upon by Nationstar. See Progressive Exp. Ins, Co. v. Camillo, 80 So.3d 394, 399 (Fla. 4th DCA 2012). Second, his affidavit was insufficient to establish the foundation for admission of those documents under the business records exception to the hearsay rule. See Yang v. Sebastian Lakes Condo. Ass’n, Inc., 123 So.3d 617, 621 (Fla. 4th DCA 2013). Third, Nationstar’s efforts to prove the amount of interest owed by Appellant were likewise inadequate, being based only upon unsupported assumptions, rather than upon business records or other admissible evidence.
Based on the foregoing, it is clear that Nationstar failed to establish that there were no disputed issues of material fact and that it was entitled to judgment in its favor as a matter of law. Accordingly, we reverse the summary final judgment entered in favor of Nationstar and remand this matter to the trial court for further proceedings.
REVERSED AND REMANDED WITH INSTRUCTIONS.
COHEN and LAMBERT, JJ., concur.