# Third District Court of Appeal

## State of Florida

Opinion filed June 7, 2017.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D16-2333
Lower Tribunal No. 16-10054
_____

## R. Plants, Inc., et al.,
Appellants,

vs.

## Dome Enterprises, Inc.,
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Rodney Smith, Judge.

Law Offices of Deborah Kaicher Pastran and Deborah Kaicher Pastran, for appellants.

Law Office of Fred Viera, PLLC and Fred Viera, for appellee.

Before SUAREZ, C.J., and EMAS and LUCK, JJ.

PER CURIAM.

The trial court granted Dome Enterprises, Inc.'s motion for summary judgment against R Plants, Inc. and its president, Victor Rodriguez, on Dome's

claim for breach of contract.[1]  On appeal, R Plants and Rodriguez contend that the trial court erred because:  (1) Dome did not meet its initial burden to present evidence that they breached the contract; and (2) Dome was awarded unliquidated damages without an evidentiary hearing.  We affirm.

As to the first issue, a plaintiff moving for summary judgment must present evidence supporting all the material elements of its claim.  See First Nat. Entm't Corp. v. Brumlik, 531 So. 2d 403, 405 (Fla. 5th DCA 1988) ("The plaintiff . . . as movant for summary judgment, had the burden . . . to affirm with evidence all material facts necessary to support his complaint . . . .").  Once it does, "the opposing party must come forward with counterevidence sufficient to reveal a genuine issue. It is not enough for the opposing party merely to assert that an issue does exist." Landers v. Milton, 370 So. 2d 368, 370 (Fla. 1979)

Here, Dome attached affidavits to its summary judgment motion providing that it entered into a written contract with R Plants and Rodriguez and performed all of its obligations; R Plants and Rodriguez breached the contract by refusing to perform their part under the contract; and the breach caused $51,290 in damages (not including costs, interest, and attorneys' fees).  See Abbott Labs., Inc. v. Gen. Elec. Capital, 765 So. 2d 737, 740 (Fla. 5th DCA 2000) ("The elements of a breach of contract action are: (1) a valid contract; (2) a material breach; and (3)

[1] Dome contracted with R Plants and Rodriguez to construct a concrete pad on R Plants' property.

2

damages."). R Plants and Rodriguez, in response, did not allege any affirmative defenses, and did not present evidence in opposition to the summary judgment motion. There being no counterevidence, there was no genuine issue of material fact on Dome's breach of contract claim, and the trial court correctly granted summary judgment.

As to the second issue, whether the trial court erred in awarding unliquidated damages without an evidentiary hearing, "any claim for damages, liquidated or unliquidated, or for attorneys fees and costs can be decided by summary judgment." Sloan v. Freedom Sav. & Loan Ass'n, 525 So. 2d 1000, 1001 (Fla. 5th DCA 1988). Dome's summary judgment motion included affidavits providing the damages it suffered as a result of R Plants and Rodriguez's breach of the contract, and the costs and attorneys' fees that went into prosecuting its claim. If there had been counterevidence on the amount of damages, then a hearing or trial may have been required. Without a genuine issue of material fact on the amount of damages caused by the breach, summary judgment was appropriate.

Affirmed.