# Third District Court of Appeal

## State of Florida

Opinion filed March 28, 2018.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D17-968
Lower Tribunal No. 15-19192
_____

**Rita D. Garcia,**
Appellant,

vs.

**First Community Insurance Company,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Antonio Marin, Judge.

Lopez & Best, and Virginia M. Best and Johanna M. Menendez, for appellant.

Klein Glasser Park & Lowe, P.L., and Joseph H. Lowe, Andrew M. Feldman, and Nicole M. Reid, for appellee.

Before SUAREZ, LAGOA, and LINDSEY, JJ.

LAGOA, J.

Rita D. Garcia ("Garcia") appeals from a final summary judgment entered in favor of First Community Insurance Company ("First Community"). Because genuine issues of material fact exist as to the cause of the loss, we reverse.

I. FACTUAL AND PROCEDURAL HISTORY

Garcia owns property located at 3730 S.W. 84th Avenue in Miami (the "property"). The property was insured under a homeowner's policy assigned to First Community. The relevant provision of the policy at issue provides:

> COVERAGE A – DWELLING and COVERAGE B – OTHER STRUCTURES
>
> We insure against risk of direct loss to property described in Coverages A and B only if that loss is a physical loss to property.
> . . . .
> We do not insure, however, for loss:
> . . . .
> 2. Caused by:
> . . . .
>> h. Rain, snow, sleet, sand or dust to the interior of a building unless a covered peril first damages the building causing an opening in a roof or wall and the rain, snow, sleet, sand or dust enters through this opening.
>>
>> i. Any of the following:
>> (1) Wear and tear, marring, deterioration;

On or about March 29, 2014, Garcia discovered water damage within the property, allegedly due to a roof leak. Garcia gave notice of the loss to First Community. First Community retained forensic engineer, Ivette Acosta ("Acosta"), to inspect

2

the property. Acosta inspected the property on June 10, 2014. Following an investigation, which included the findings of Acosta's inspection of the property, First Community denied coverage.

On August 19, 2015, Garcia filed a complaint against First Community alleging breach of contract. Garcia subsequently filed an amended complaint on August 4, 2016, adding her husband, Abelardo Alvare ("Alvare"), as a plaintiff. The amended complaint alleged that "[o]n or about, March 29, 2014, Plaintiffs discovered water damage within the insured property due to a roof leak, which is a covered loss under the insurance policy." Garcia and Alvare alleged that they provided First Community with a damage estimate in the amount of $22,986.66. They further alleged that the policy "provides coverage for direct physical loss to the Plaintiffs's [sic] property due to roof leak mentioned herein."

First Community filed an answer and affirmative defenses to the amended complaint. As its sixth affirmative defense, First Community alleged that the damages, if any, were caused by the "age and wear and tear of the roof."

First Community filed a motion for summary judgment and argued that the claimed damages were not subject to coverage under the policy. First Community relied on Acosta's conclusions in her report that "[t]he cause of the water intrusion through the roof [was] a result of a combination of age-related deterioration, tree branch abrasions, and construction defects" and Acosta's conclusions that "[t]he

3

face nails observed on the shingles create[d] a direct path for water to penetrate the structure[, which] is considered a construction defect."

In opposition to First Community's motion for summary judgment, Garcia and Alvare filed the affidavit and report of a professional engineer, Alfredo Brizuela ("Brizuela"), who inspected the property on March 28, 2017, and also reviewed Acosta's report. Brizuela attested that "there is insufficient evidence to rule out that the damages were caused by hail impact or wind uplift damage caused by a one-time occurrence." He further attested that based on his own findings and inspection, "there is no evidence to support any contention that the damages reported by the insured in this claim are age-related or long term in nature." In Brizuela's report, which was attached to his affidavit, Brizuela concluded that "the damages observed are systematic of high rain and/or wind events that occurred in the days leading up to and on the D.O.L. The dynamic force of the winds caused an opening in the roofing system by uplifting and debonding the shingles (causing damage to the underlayment) through which rain water was able to enter, causing water damage to the interior of the building."

Following a hearing on First Community's motion for summary judgment, the trial court subsequently granted First Community's motion and entered final judgment in favor of First Community. This timely appeal ensued.

## II.    STANDARD OF REVIEW

The standard of review for a summary judgment is de novo.  Volusia County v. Aberdeen at Ormond Beach, L.P., 760 So. 2d 126, 130 (Fla. 2000).  Moreover, in reviewing a summary judgment, this Court must view the evidence in the light most favorable to the non-moving party.  Tropical Glass & Const. Co. v. Gitlin, 13 So. 3d 156, 158 (Fla. 3d DCA 2009); see also Bldg. Educ. Corp. v. Ocean Bank, 982 So. 2d 37, 40 (Fla. 3d DCA 2008); Sierra v. Shevin, 767 So. 2d 524, 525 (Fla. 3d DCA 2000).

## III.    ANALYSIS

"Summary judgment is proper if no genuine issue of material fact exists and if the moving party is entitled to a judgment as a matter of law."  Tropical Glass, 13 So. 3d at 158; see also Vander Voort v. Universal Prop. & Cas. Ins. Co., 127 So. 3d 536, 538 (Fla. 4th DCA 2012) ("Summary judgment may be granted only where the facts are so crystallized that nothing remains but questions of law."); Master Tech Satellite, Inc. v. Mastec N. Am., Inc., 49 So. 3d 789, 790 (Fla. 3d DCA 2010) ("A trial court may enter a summary judgment when (1) there are no genuine issues of material fact, and (2) the moving party is entitled to judgment as a matter of law.").  "It is well established that on a motion for summary judgment, the movant has the burden 'to demonstrate that the facts show that the party moved against cannot prevail.'"    Afre Marble Corp. v. Twin Stone Designs &

Installations, Inc., 44 So. 3d 193, 194 (Fla. 3d DCA 2010) (quoting Fla. E. Coast Ry. Co. v. Metro. Dade County, 438 So. 2d 978, 980 (Fla. 3d DCA 1983)). Once the movant establishes that there are no genuine issues of material fact, "'the opposing party must come forward with counterevidence sufficient to reveal a genuine issue. It is not enough for the opposing party merely to assert that an issue does exist.'" R. Plants, Inc. v. Dome Enters., Inc., 221 So. 3d 752, 754 (Fla. 3d DCA 2017) (quoting Landers v. Milton, 370 So. 2d 368, 370 (Fla. 1979)); see also McNabb v. Taylor Elevator Corp., 203 So. 3d 184, 185 (Fla. 2d DCA 2016) ("Once a movant meets his or her initial burden, the burden shifts to the opposing party to come forward with evidence to the contrary.").

Of particular relevance here, "[i]n ruling on a motion for summary judgment, the court may neither adjudge the credibility of the witnesses nor weigh the evidence." Sierra, 767 So. 2d at 525; see also Hernandez v. United Auto. Ins. Co., 730 So. 2d 344, 345 (Fla. 3d DCA1999) ("In ruling on a motion for summary judgment, it is well-established that the court may neither adjudge the credibility of the witnesses nor weigh the evidence."); Pita v. State St. Bank & Tr. Co., 666 So. 2d 268, 268 (Fla. 3d DCA 1996) ("On a motion for summary judgment, it is settled that a trial court is not permitted to weigh material conflicting evidence or pass upon the credibility of the witnesses."). Furthermore, "[i]f the record reflects the existence of any genuine issue of material fact or the possibility of any issue, or if

6

the record raises even the slightest doubt that an issue might exist, summary judgment is improper." Holland v. Verheul, 583 So. 2d 788, 789 (Fla. 2d DCA 1991); see also Nard, Inc. v. DeVito Contracting & Supply, Inc., 769 So. 2d 1138, 1140 (Fla. 2d DCA 2000) ("[T]he merest possibility of the existence of a genuine issue of material fact precludes the entry of final summary judgment.").

We agree with Garcia that the trial court erred in granting summary judgment in favor of First Community where the conflicting reports of the parties' experts established that there was a genuine issue of material fact as to the cause of the loss. In its motion for summary judgment, First Community argued that the claimed damages were not subject to coverage under the policy because there was no evidence of any openings in the roof, and because coverage for the loss was equally excluded under the policy's "wear and tear" exclusion. In support of its motion for summary judgment, First Community relied upon the report produced by its engineer, Acosta, in which she concluded that "[t]he cause of the water intrusion through the roof is a result of a combination of age-related deterioration, tree branch abrasions, and construction defects."

In response to First Community's motion, Garcia filed the affidavit and report of her engineer, Brizuela. In his report, Brizuela opined that "the damages observed are systematic of high rain and/or wind events that occurred in the days leading up to and on the D.O.L. The dynamic force of the winds caused an

7

opening in the roofing system by uplifting and debonding the shingles (causing damage to the underlayment) through which rain water was able to enter, causing water damage to the interior of the building."

The conclusions reached by the opposing engineers are clearly at odds. Given this conflict in the material evidence as to the cause of loss, the trial court erred in entering final judgment in favor of First Community. See Moore v. Morris, 475 So. 2d 666, 668 (Fla. 1985) ("If the evidence raises any issue of material fact, if it is conflicting, if it will permit different reasonable inferences, or if it tends to prove the issues, it should be submitted to the jury as a question of fact to be determined by it."); Sierra, 767 So. 2d at 525 ("If the 'slightest doubt' exists, then summary judgment must be reversed.").

First Community asserts that Brizuela's opinion was properly rejected by the trial court, as Brizuela's inspection of the property occurred three years after the date of the loss, whereas First Community's expert inspected the property less than three months after the date of loss. The consideration of the timing of Brizuela's inspection of the property in relation to that of First Community's engineer, however, goes to the credibility and weight of Brizuela's opinion regarding the cause of loss. It is well-established that issues of credibility and weight of the evidence are not appropriate in a summary judgment determination. See Byrd v. BT Foods, Inc., 948 So. 2d 921, 923 (Fla. 4th DCA 2007) ("Where credibility

8

issues impact the determination of material facts, summary judgment is not appropriate."). Indeed, a "trial court may not determine factual issues nor consider either the weight of the conflicting evidence or the credibility of witnesses in determining whether a genuine issue of material fact exists in a summary judgment proceeding." Juno Indus., Inc. v. Heery Int'l, 646 So. 2d 818, 822 (Fla. 5th DCA 1994).

IV.    CONCLUSION

Because a genuine issue of material fact exists as to the cause of the loss to the property, entry of final summary judgment in favor of First Community was improper. Accordingly, we reverse the final summary judgment entered in favor of First Community and remand the cause to the trial court for further proceedings.

Reversed and remanded.