# Third District Court of Appeal

## State of Florida

Opinion filed October 31, 2018.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D17-2028
Lower Tribunal No. 14-31363
_____

**Amada Ortega,**
Appellant,

vs.

**Citizens Property Insurance Corporation,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Rosa I. Rodriguez, Judge.

Marin, Eljaiek, Lopez & Martinez, P.L., and Steven E. Gurian and Anthony M. Lopez, for appellant.

Berk, Merchant & Sims, PLC, and Patrick E. Betar and Evelyn M. Merchant; Hinshaw & Culbertson LLP, and Maureen G. Pearcy, for appellee.

Before LAGOA, EMAS and SCALES, JJ.

SCALES, J.

Amada Ortega, the plaintiff below, appeals an order granting final summary judgment in favor of the defendant below, Citizens Property Insurance Corporation ("Citizens"), on Ortega's claim for breach of a homeowner's insurance policy. Because we agree with Ortega that disputed issues of material fact remain as to whether a covered peril caused an opening in the roof of Ortega's home, allowing rain water to enter and damage the home's interior, we reverse the order granting final summary judgment and remand for further proceedings.

## I.    FACTS AND PROCEDURAL BACKGROUND

Ortega owns a home located in Miami-Dade County that, at all times material, was insured by a homeowner's insurance policy issued by Citizens. In September 2014, Ortega made a claim on her policy after the interior of her home allegedly sustained damage from rain water penetration due to a roof leak.[1]

The instant policy does not provide coverage for direct loss to property "caused by . . .[r]ain . . . to the interior of a building *unless* a *covered peril* first damages the building causing an opening in a roof . . . and the rain . . . enters through this opening." (Emphasis added). In October 2014, Citizens inspected the property and denied Ortega's claim, asserting that the roof leakage in question was not the result of a covered peril that created an opening in the roof. Rather, Citizens concluded that the roof leak had occurred due to wear and tear, defect,

_____

[1] Ortega alleged that the roof leak occurred on or about September 21, 2014.

2

improper maintenance and/or improper repairs of the roof – all of which are exclusions from coverage under the subject policy.

In December 2014, Ortega filed the instant breach of contract action against Citizens, alleging that the water damage to the interior of her home was covered under the subject policy because the roof opening, and resulting damage, was caused by a covered peril. Citizens re-inspected the home, again concluding that the roof leakage was not the result of a covered peril, but that the roof had merely deteriorated to the point that it had "reached the end of its useful life."

After conducting some amount of discovery, Citizens moved for summary judgment arguing that "there is ***not one iota of evidence*** to establish that a covered peril created an opening [that] first caused damage to the subject roof which resulted in water damage to the interior of the home." (Emphasis added). Ortega responded that the roof of her home had been damaged during a windstorm, creating an opening for the rain water to enter and damage the home's interior. As support, Ortega relied upon the deposition of her son, Armando Ortega, and the affidavit of Alfredo Brizuela, a licensed general contractor and engineer in the state of Florida.

After conducting a brief hearing, the trial court entered an order granting, without explication, Citizens' motion for summary judgment. On August 28,

3

2017, the trial court entered the final summary judgment that Ortega has timely appealed.

## II. ANALYSIS[2] AND CONCLUSION

On this appeal, while Citizens concedes that the requisite "covered peril" under the instant policy provision includes both (i) a tree branch falling through the roof of the home, and (ii) a wind-created opening in the roof, Citizens argues that Ortega failed to present any evidence of either occurrence in the lower proceedings so as to preclude entry of summary judgment in its favor. We disagree.

Armando Ortega testified at his deposition that, in September 2014, a tree branch "went through" the roof of his mother's home, creating a "huge hole" directly over the kitchen. Mr. Ortega stated that there had been a storm that day and that, in addition to the branch that had fallen onto the roof, there were tree limbs strewn on the driveway in front of the house. After removing the tree branch that was "sticking out of the roof," Mr. Ortega placed a tarp on the roof and attempted to temporarily patch the damaged area above the kitchen. Mr. Ortega confirmed that photographs of the roof taken by Citizens during its October 2014 inspection depict the temporary repairs he had made to the roof.

Alfredo Brizuela, the licensed general contractor and engineer who inspected Amada Ortega's home, attested in his affidavit, in relevant part, that: (1)

---

[2] We review a trial court's grant of summary judgment *de novo*. Volusia Cty. v. Aberdeen at Ormond Beach, L.P., 760 So. 2d 126, 130 (Fla. 2000).

4

he "observed classic windstorm damages to the roofing system at the Property; specifically . . . evidence of uplift damage from increased wind forces"; (2) the damage he "observed on the ceilings, walls and baseboards of the property were consistent with a sudden and accidental leak"; (3) in his professional opinion, "the property suffered an accidental direct physical loss to the roofing system from heavy wind and rain which allowed water to enter the Property and cause the interior ceilings to collapse and caused ensuing damage to the interior property"; and (4) the damage "occurred at the Property on or about September 21, 2014, as reported by the Insured."

"If the record on appeal reveals the merest possibility of genuine issues of material fact, or even the slightest doubt in this respect, the summary judgment must be reversed." Piedra v. City of N. Bay Vill., 193 So. 3d 48, 51 (Fla. 3d DCA 2016). Contrary to Citizens's suggestion, as set forth herein, Ortega introduced an "iota of evidence" sufficient to preclude entry of summary judgment on the material issue of whether a covered peril created an opening to the roof of Ortega's home which then permitted rain water to enter and damage the interior of the home. Id.; see also Carnes v. Fender, 936 So. 2d 11, 14 (Fla. 4th DCA 2006) ("Such evidence is sufficient to constitute the scintilla of appreciable evidence required to defeat a motion for summary judgment."). Accordingly, we reverse the

5

final summary judgment entered in favor of Citizens and remand for further proceedings.

Reversed and remanded.