# Third District Court of Appeal

## State of Florida

Opinion filed December 9, 2020.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D18-1209
Lower Tribunal No. 16-10964
_____

**Bessie Frederick,**
Appellant,

vs.

**Citizens Property Insurance Corporation,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Spencer Eig, Judge.

Giasi Law, P.A., and Melissa A. Giasi (Tampa), for appellant.

Paul R. Pearcy, P.A., and Maureen G. Pearcy, for appellee.

Before SCALES, LINDSEY and LOBREE, JJ.

PER CURIAM.

In this breach of insurance contract action, Bessie Frederick (the "insured") appeals from the trial court's entry of summary judgment in favor of Citizens

Property Insurance Corporation (the "insurer"). After a de novo review, we find that disputed issues of material fact exist as to the cause of the loss, and reverse.

After a thunderstorm in November 2015, the insured's home sustained damage from rainwater that came in through the roof. Following a denial of coverage, the insured filed the instant action seeking coverage for her claim. In moving for summary judgment, the insurer relied upon its engineer's report and affidavit, which ultimately determined that the roof leaks were caused by wear and tear of the roof,[1] as well as deposition testimony of the insured's general contractor. The insured opposed summary judgment relying on an affidavit, inspection report, and deposition of its general contractor, who ultimately concluded that the roof leaks

---

[1] The subject insurance policy provides:

> COVERAGE A – DWELLING and COVERAGE B – OTHER STRUCTURES
>
> We insure against risk of direct loss to property described in Coverages A and B only if that loss is a physical loss to property.
> . . . .
> We do not insure, however, for loss:
> . . . .
> 2. Caused by:
> . . . .
> h. Rain, . . . unless a covered peril first damages the building causing an opening in a roof or wall and the rain . . . enters through this opening.
> i. Any of the following:
> (1) Wear and tear, marring, deterioration;

resulted from micro fissures in the roof caused by strong wind gusts and wind-driven rain during the November 2015 thunderstorm. The trial court determined that the evidence relied upon by the insured was insufficient to withstand summary judgment as to whether a covered peril caused an opening in the building's roof and entered final judgment in favor of the insurer.

After thorough examination of the record, we find that the insured met her burden of showing the existence of a triable issue as to the cause of her loss. See Garcia v. First Cmty. Ins. Co., 241 So. 3d 254, 257-58 (Fla. 3d DCA 2018) (holding summary judgment inappropriate where findings of insurer's expert–that roof leak was caused by combination of age-related deterioration, tree branch abrasions, and construction defect–and conclusions of insured's expert–that roof leak was caused by wind event–were "clearly at odds"); see also Ortega v. v. Citizens Prop. Ins. Corp., 257 So. 3d 1171, 1173 (Fla. 3d DCA 2108) (finding homeowner's counterevidence sufficient to create disputed issues of material fact as to whether covered peril caused opening in roof of her home, allowing rainwater to enter and damage home's interior).

Accordingly, we reverse and remand for further proceedings in conformity with this opinion.