# Third District Court of Appeal

## State of Florida

Opinion filed August 25, 2021.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D21-0143
Lower Tribunal Nos. 20-0134 AP, 13-3916 CC

_____

**United Automobile Insurance Company, etc.,**
Appellant,

vs.

**West Medical Center Health Care II, Corp., etc.,**
Appellee.

An Appeal from the County Court for Miami-Dade County, Lawrence D. King, Judge.

Michael J. Neimand, for appellant.

David B. Pakula, P.A. and David B. Pakula (Pembroke Pines); Corredor & Husseini, P.A., and Maria E. Corredor, for appellee.

Before EMAS, LINDSEY, and GORDO, JJ.

LINDSEY, J.

Appellant, United Automobile Insurance Company, Defendant below, appeals a final judgment in favor of Appellee, West Medical Center Health Care II, Corp., Plaintiff below. The final judgment, in the amount of $9408 plus pre-judgement interest in the amount of $4975.51, was awarded for charges for medical services West Medical rendered to Jesus M. Vargas. Mr. Vargas was an insured under a personal injury protection policy of insurance ("PIP") issued by United Auto.[1] The injuries are alleged to have been received by Mr. Vargas, as a result of an automobile accident. Mr. Vargas assigned his PIP benefits to West Medical.

Prior to entering the final judgment, the lower court entered an order granting West Medical's motion for final summary judgment on the issue of whether the medical services were related to the accident, medically necessary, and whether the charges for those services were reasonable.[2] West Medical submitted the affidavit of Dr. Kevin Wood in

---

[1] Originally filed in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, this appeal was transferred to this Court in January of 2021. See Ch. 20-61, Laws of Fla. (amending section 26.012(1) and repealing section 924.08 to remove circuit court jurisdiction over the majority of the appeals of county court orders or judgments and vesting jurisdiction of those appeals in the district courts of appeal). Thus, we have jurisdiction.

[2] Pursuant to the PIP statute, to be entitled to benefits, charges for services rendered must be reasonably related and medically necessary. See § 627.736, Fla. Stat. (2020).

support of its motion for summary judgment. In opposition, United Auto filed the deposition of Dr. Glen Siegel, who performed an independent medical examination of Vargas.

On appeal, United Auto contends that the deposition of Dr. Siegel created genuine issues of material fact precluding summary judgment. After United Auto filed its Initial Brief, West Medical filed an Answer Brief wherein it commendably confessed partial error as follows:

> Upon review of the initial brief and the record on appeal, the appellee West Medical Center Health Care II, Corp., a/a/o Jesus M. Vargas, ("West Medical"), partially confesses error. Based on the current record, specifically the deposition testimony of Dr. Siegel, we agree that fact issues precluding summary judgment exist on the issue of medical necessity of post-IME cutoff treatment. For that reason, we agree that reversal is required and the case should be remanded for further proceedings.
>
> * * *
>
> With regard to relatedness of further treatment after the IME cutoff, we partially confess error for the same reasons as discussed, supra, regarding medical necessity.

However, West Medical continued to maintain, as it did in the lower court that "there is no question of fact precluding partial summary judgment with regard to the relatedness of the injuries to the accident" prior to the IME cutoff date. We disagree.

3

Upon our review of the record, we find Dr. Siegel's deposition testimony was sufficient to create a genuine issue of material fact as to whether all the treatment rendered was both related to the automobile accident and medically necessary.  See Garcia v. First Cmty. Ins. Co., 241 So. 3d 254, 257 (Fla. 3d DCA 2018) ("[I]f the record reflects the existence of any genuine issue of material fact or the possibility of any issue, or if the record raises even the slightest doubt that an issue might exist, summary judgment is improper." (quoting Holland v. Verheul, 583 So. 2d 788, 789 (Fla. 2d DCA 1991))).[3]

---

[3]   The Florida Supreme Court recently adopted the federal summary judgment standard and amended Florida Rule of Civil Procedure 1.510. See In re Amendments to Florida Rule of Civil Procedure 1.510, 309 So. 3d 192 (Fla. Dec. 31, 2020) ("The Court, on its own motion, amends Florida Rule of Civil Procedure 1.510 (Summary Judgment). Effective May 1, 2021, the amended rule adopts the summary judgment standard articulated by the United States Supreme Court in Celotex Corp. v. Catrett, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); and Matsushita Electric Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986) (together, the 'federal summary judgment standard').").

The new rule governs adjudication of any summary judgment motion decided on or after that date, including cases where a motion is pending. In re Amendments to Florida Rule of Civil Procedure 1.510, 46 Fla. L. Weekly S95 (Fla. Apr. 29, 2021).  However, where a motion has already been decided under the pre-amendment rule, review is under the pre-amendment rule. Cf. id. at S97 ("Any pending rehearing of a summary judgment motion decided under the pre-amendment rule should be decided under the pre-amendment rule, subject of course to a party's ability to file a renewed motion for summary judgment under the new rule.").

Thus, the trial court erred in granting West Medical's motion for summary judgment on whether the treatment was related to the automobile accident and medically necessary.[4]  As such we reverse the final judgment and remand for further proceedings.

Reversed and remanded.

---

[4]  We express no opinion as to the reasonableness of the charges or whether Plaintiff was entitled to summary judgment thereon.  This is because there are genuine issues of fact regarding relatedness and medical necessity.  Until there is a finding below as to those two issues, the issue of the reasonableness of the charges is not ripe for our review.