# Third District Court of Appeal

## State of Florida

Opinion filed September 29, 2021.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D20-394
Lower Tribunal No. 18-20740
_____

**Odalys Alvarez and Jorge Garcia,**
Appellants,

vs.

**Citizens Property Insurance Corporation,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Spencer Eig, Judge.

Mintz Truppman, P.A., and Timothy H. Crutchfield, for appellants.

Luks, Santaniello, Petrillo & Cohen, and Lauren J. Smith (Stuart), for appellee.

Before SCALES, HENDON and MILLER, JJ.

SCALES, J.

Odalys Alvarez and Jorge Garcia ("Insureds"), homeowners who filed a first-party property insurance claim against their insurer, Citizens Property Insurance Corporation ("Citizens"), appeal the trial court's summary final judgment entered in favor of Citizens. We are compelled to reverse because it appears from the record that the trial court improperly weighed the summary judgment evidence.

## I. Background

In May 2015, Insureds suffered damage to their residence from a pressurized supply line water leak. They filed a claim with Citizens for the loss pursuant to their homeowners' insurance policy. A Citizens adjuster inspected the damage and determined, among other things, that five floor tiles needed replacement. After accounting for Insureds' deductible, Citizens made an actual cash value payment to Insureds in the amount of $7,108.47. Contending that the damage to their tile floor was much more extensive than Citizens had determined, Insureds filed a supplemental payment claim with Citizens seeking an additional $111,603.75.

Citizens denied this supplemental claim and, in June 2018, Insureds sued Citizens for declaratory relief and breach of contract. Citizens moved for summary judgment, attaching to its motion an affidavit by its corporate representative which provided a narrative of the dealings between Citizens

2

and Insureds. Also attached to Citizens's motion was the written estimate by Citizens's adjuster that referenced the negligible tile damage.

Insureds filed two affidavits in opposition to Citizens's summary judgment motion: (i) an affidavit from their public adjuster that disputed Citizens's evaluation of the scope and amount of the loss; and (ii) an affidavit of their engineer whose inspection was the basis of Insureds' belief that floor tile was damaged throughout the house. Insureds also filed the deposition transcript of their engineer.

Insureds' engineer testified that he conducted a tapping test on the tile floor from room to room. From this test, which searches for a hollow sound in tile to establish tile porousness, the engineer concluded that the floor tiles were almost uniformly debonded,[1] requiring replacement. The engineer concluded that the tile debonding was the direct consequence of water absorption from the leak.

At the January 29, 2021 summary judgment hearing, Citizens argued that the engineer's debonding determination was speculative and conclusory. Citizens pointed out inconsistencies in both the engineer's report

---

[1] Debonding means that floor tile has separated from the underlying concrete slab. Water discharge can cause debonding, though there are other potential causes such as improper installation and extreme temperature rise.

and deposition.[2] The trial court, in an unelaborated order, granted summary judgment in Citizens's favor. This appeal ensued.

## II. Analysis[3]

On appeal, Citizens asserts that it is entitled to summary judgment under our recent case, Gonzalez v. Citizens Property Insurance Corp., 273 So. 3d 1031 (Fla. 3d DCA 2019). In Gonzalez, the insureds suffered interior water damage due to a roof leak. Citizens moved for summary judgment on the ground that the roof damage was due to ordinary wear and tear rather

---

[2] These alleged inconsistencies include: (i) an assertion that water-damaged, debonded tiles tent and crack, though there was no tenting or cracking found among the tiles in Insureds' house; (ii) an assertion that debonded tiles lose functionality and crack when walked on, although Insureds remained living in the house and walking on the tiles without apparent incident; and (3) because the tiles were installed atop an existing tile floor, they could not have separated from the slab, while the engineer's report provides no information about installation or the condition of the underlying tile stratum.

[3] We review *de novo* an order granting summary judgment. Siegel v. Tower Hill Signature Ins. Co., 225 So. 3d 974, 976 (Fla. 3d DCA 2017). We note that, in its answer brief, Citizens proposes that Florida's new summary judgment standard, effective May 1, 2021, should govern this case (though Citizens argues in the alternative that the former summary judgment standard also warrants affirmance). Here, the summary judgment hearing was held on January 29, 2021, the trial court entered summary judgment on January 30, 2021, and denied rehearing on February 25, 2021; consequently, the former summary judgment standard applies to this case under In re: Amendments to Florida Rule of Civil Procedure 1.510, 317 So. 3d 72, 77-78 (Fla. 2021).

than a result of a windstorm event, only the latter of which was covered under the insurance policy. Id. at 1034.

Coincidentally, the insureds' engineer in Gonzalez is the same engineer in the instant case, Alfredo Brizuela. In Gonzalez, the insureds filed two affidavits of Brizuela in opposition to summary judgment. In the first affidavit, Brizuela made the bald assertion that the roof leak was the result of a windstorm event. At the time of this first affidavit, though, Brizuela had not inspected the property. In the second affidavit, Brizuela based his conclusion about windstorm damage on an inspection he made more than a year after the insureds had replaced the damaged roof. Id. at 1034-35. Additionally, there was a discrepancy in the affidavits between the dates of high winds in the area of insureds' home and the claimed date of loss. Id. at 1035. In affirming summary judgment for Citizens, this Court concluded that the two Brizuela affidavits were inadmissible because they were based on conjecture rather than fact-based reasoning. Id. at 1037.

While we recognize in the instant case that there might be inconsistencies in Brizuela's affidavit and deposition testimony that undermine his conclusions, we also recognize that, unlike in Gonzalez, there is a fact-based rationale to Brizuela's opinion: the hollow sound from a

5

tapping test that might indicate tile porousness and debondment.[4] Citizens's summary judgment evidence did not address debondment. Citizens attacked the quality of Insureds' summary judgment evidence, which placed the parties' evidence in conflict and demonstrated a genuine issue of material fact as to the cause and extent of Insureds' loss. In granting summary judgment to Citizens, the trial court appears to have weighed the evidence, rather than having determined whether a genuine issue of material fact existed. We, therefore, are compelled to reverse the trial court's final summary judgment for Citizens. <u>See</u> <u>Garcia v. First Cmty. Ins. Co.</u>, 241 So. 3d 254, 257 (Fla. 3d DCA 2018).

Reversed and remanded for further proceedings.

---

[4] We express no opinion regarding the persuasiveness of either party's evidence or the ultimate merits of this case. Further, we express no opinion as to whether summary judgment would have been appropriate under the new summary judgment standard.