# Third District Court of Appeal

## State of Florida

Opinion filed January 17, 2024.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D22-1564
Lower Tribunal No. 11-24918
_____

**Citizens Property Insurance Corporation,**
Appellant,

vs.

**Jose Zamanillo, et al.,**
Appellees.

An Appeal from the Circuit Court for Miami-Dade County, Pedro P. Echarte, Jr., Judge.

Traub Lieberman Straus & Shrewsberry LLP, and Scot E. Samis and C. Ryan Jones (St. Petersburg), for appellant.

Alvarez, Feltman, Da Silva & Costa, P.L., and Paul B. Feltman and Brian C. Costa, for appellees.

Before LOGUE, C.J., and EMAS and BOKOR, JJ.

BOKOR, J.

It surprises no one that a trial court can't grant or deny summary judgment by weighing admissible evidence or making credibility determinations.[1]  But on appeal, that's exactly what Citizens suggests the trial court should have done.  Here, Citizens argues, despite any dispute in the summary judgment record, that the Zamanillos' (or their expert's) version of events isn't believable, and for that reason the trial court should have denied summary judgment.  We've moved beyond a scintilla of doubt sometimes being sufficient to defeat summary judgment in Florida by adopting the federal summary judgment standard.  If there's a genuine dispute, based on admissible summary judgment evidence, over a material issue of fact, a trial court can't usurp the fact finder's ultimate role.  But absent contradictory or conflicting statements or evidence, an argument that a witness simply isn't believable, or a jury possibly could find differently— without pointing to disputed facts in the record—isn't enough to create an issue of material fact.

This case has a long and convoluted procedural history.  The Zamanillos filed a breach of contract action in 2011 for a claim arising in

---

[1] See Garcia v. First Cmty. Ins. Co., 241 So. 3d 254, 257 (Fla. 3d DCA 2018) ("Of particular relevance here, '[i]n ruling on a motion for summary judgment, the court may neither adjudge the credibility of the witnesses nor weigh the evidence.'") (citing Sierra v. Shevin, 767 So. 2d 524, 525 (Fla. 3d DCA 2000)).

2010, based on home damages including an allegedly unusable bathroom. Theories of liability changed over time as to how the bathroom was damaged (from sinkholes to structural settling and sudden collapse), and the trial court conducted a Daubert[2] hearing and entered a final summary judgment in favor of Citizens, only to be reversed by this court.[3] Fast forward to 2022, and the trial court hears the Zamanillos' final summary judgment motion. In support, the Zamanillos offer testimony that the toilet doesn't flush, the shower leaks, and the bathroom door opens and closes only with significant force. The Zamanillos combine that evidence with their expert's testimony that, based on testing and observations, this portion of the premises suffered a contractually-covered sudden collapse.[4] Without getting into details unnecessary for the legal principle at issue here, Citizens contends that the expert's testimony is ripe for cross-examination, and further, that a jury could conclude that a bathroom with a slow or clogged toilet and a hopelessly leaky shower could still be occupied and used by, say, someone that needs to use the mirror or vanity or bathroom sink.

---

[2] Daubert v. Merrell Dow Pharms., Inc., 509 U.S. 579 (1993).

[3] Zamanillo v. Citizens Prop. Ins. Corp., 299 So. 3d 1150 (Fla. 3d DCA 2020).

[4] The relevant policy provision defines collapse to mean "an abrupt falling down or caving in of . . . any part of a building with the result that . . . any part of the building cannot be occupied for its intended purpose."

Citizens' argument fails for two reasons.  First, Citizens offered argument, but no evidence.  It didn't offer a contradictory expert report or any evidence to create an issue of fact regarding the Zamanillos' contention, buttressed by their expert, that the toilet and shower didn't work.  While a jury may be free to weigh expert testimony—indeed, a jury may weigh any testimony—a jury must have some basis in the evidence presented to reject the testimony.  See Weygant v. Fort Myers Lincoln Mercury, Inc., 640 So. 2d 1092, 1093–94 (Fla. 1994) (holding that it was within jury's province to reject uncontroverted medical testimony where the plaintiff gave conflicting testimony in a workers' compensation hearing and gave confusing medical histories raising the possibility that their medical opinions were based on inaccurate predicates).  Perhaps the expert's testimony was lacking, ripe for a battle of the experts, or another Daubert hearing, but here, we have nothing in the record to create an issue of fact.

Second, Citizens argues that on the record, a jury could still conclude that the collapsed bathroom could "be occupied for its intended purpose" because someone could use the sink or the vanity.  The less said about this argument the better, other than to note that this argument probably wouldn't fly under the old scintilla standard, either.  No reasonable fact finder could conclude that a bathroom that one can barely enter and can use only the

vanity and mirror in but not the toilet or shower, would be considered fit for its intended purpose. See, e.g., In re Amends. to Fla. Rule of Civ. Proc. 1.510, 309 So. 3d 192, 193 (Fla. 2020) ("If the evidence [presented by the nonmovant] is merely colorable, or is not significantly probative, summary judgment may be granted.") (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249–50 (1986)). Because there's no triable issue of fact, on the record before us, final summary judgment was appropriately granted to the Zamanillos.

Affirmed.