# Third District Court of Appeal
## State of Florida

Opinion filed September 3, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D23-1926
Lower Tribunal No. 21-27743
_____

**Naomi Desinor, et al.,**
Appellants,

vs.

**Citizens Property Insurance Corporation,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Vivianne del Rio, Judge.

Wasson & Associates, Chartered, and Annabel C. Majewski, for appellants.

Boyd & Jenerette, P.A., and Lara J. Edelstein and Drew W. Peeler (Boca Raton), for appellee.

Before FERNANDEZ, MILLER and LOBREE, JJ.

PER CURIAM.

Appellants, Naomi Desinor and David A. Joseph (the "Insureds"),

appeal a final judgment rendered after the trial court granted summary judgment in favor of appellee, Citizens Property Insurance Corporation. Upon careful de novo review of the record, we determine that the trial court made improper credibility determinations regarding the Insureds' expert witness' testimony. See Vega v. Safepoint Ins. Co., 326 So. 3d 176, 181 (Fla. 3d DCA 2021) ("[Plaintiff's] Expert's conclusions based on his experience and review of the record in combination with [Plaintiff's] deposition testimony . . . were sufficient to create a genuine issue of material fact. Thus, summary judgment was inappropriate at this juncture of the proceedings."); Ortega v. JW Marriott Inv., LLC, 405 So. 3d 473, 477–78 (Fla. 3d DCA 2025) ("Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge, whether he is ruling on a motion for summary judgment or for a directed verdict." (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986))).

Further, the record evidence presents sufficient factual dispute to conclude that the Insureds met their burden to show the existence of a triable issue as to the cause of loss, at least as to some of their damages. See Frederick v. Citizens Prop. Ins. Corp., 314 So. 3d 539, 540 (Fla. 3d DCA 2020) (finding conflicting expert affidavits as to cause of loss created

sufficient triable issues precluding summary judgment); <u>Garcia v. First Cmty. Ins. Co.</u>, 241 So. 3d 254, 257−58 (Fla. 3d DCA 2018) (holding summary judgment inappropriate where findings of insurer's expert and conclusions of insured's expert were "clearly at odds"); <u>see also</u> <u>Ortega v. Citizens Prop. Ins. Corp.</u>, 257 So. 3d 1171, 1173 (Fla. 3d DCA 2018) (finding homeowner's counterevidence sufficient to create disputed issues of material fact). Accordingly, we reverse and remand.

Reversed and remanded.