816 So.2d 1225 (2002)
COLLECTIONS, USA, INC., Appellant,
v.
The CITY OF HOMESTEAD, Appellee.
No. 3D01-1680.
District Court of Appeal of Florida, Third District.
May 29, 2002.
Arnaldo Velez, Coral Gables, for appellant.
Weiss Serota Helfman Pastoriza & Guedes and Christopher F. Kurtz and Carmen I. Tugender, Miami, for appellee.
Before FLETCHER and SORONDO, JJ., and NESBITT, Senior Judge.
SORONDO, J.
Collections USA, Inc. (Collections) appeals the lower court's entry of final summary judgment in favor of the City of Homestead (the City). We reverse.
On August 11, 1992, Collections, a company that specializes in the collection of delinquent accounts receivable, entered into a written contract with the City, in which the City agreed to sell to Collections code enforcement and minimum housing *1226 liens for $70,000. The City assigned and transferred to Collections all the code enforcement and minimum housing liens, correspondence, and back up documentation described in the contract in September 1992.
On November 24, 1993, Robert C. Eber, one of Collections' attorneys, wrote to Michael Watkins, the City attorney, to advise him that none of the liens were valid, and to request the City's assistance to protect Collections' interest. On December 17, 1993, Lawrence Roberts, another attorney representing Collections, wrote to Watkins about the problems Collections was encountering with the liens, and requested the City's assistance in accordance with the terms of the contract.
Watkins responded to Roberts in a letter dated December 23, 1993, in which he advised that he was requesting that the Code Enforcement Department provide Collections with all necessary aid pursuant to the contract. Roberts replied to Watkins in a letter dated January 6, 1994, in which he enclosed a copy of Eber's letter of November 24, 1993, as a way of outlining the problems in more detail.
On January 10, 1994, Watkins responded to Roberts' letter of January 6, 1994, as follows:
Dear Mr. Roberts:
I have received your letter dated January 6, 1994, reference [sic] City of Homestead assignment of Code Enforcement and Minimum Housing liens to Collections U.S.A. I do not know at this time what further actions you wish the City to take relative [sic] that transaction. Collections U.S.A. was afforded the opportunity to review the files concerning the liens prior to the assignment of same and the City only assigned to Collections U.S.A. such liens as it had. The question of recording a certified copy of the Code Enforcement Board never arose at that time and I am not aware of what steps you wish the City of Homestead to take in this matter.
We will assist Collections U.S.A. as set forth in the agreement and the assignment, but the City is not now in the position to take any independent action on this matter.
(Emphasis added). The parties acknowledge that the City continued to assist Collections in collecting the liens until sometime in 1995, after which time the City refused to provide any further assistance.
On February 25, 1999, Collections filed suit against the City for breach of contract. It alleged, inter alia, that the City had failed to deliver bona fide liens, to timely provide supporting and background documentation necessary to prosecute the collection of the liens, to perfect title in the liens, to execute all documents necessary for Collections to foreclose and collect the moneys owed under the lien, and to remit to Collections money that the City collected from property owners.[1]
The City moved for summary judgment on the basis that suit was barred by the statute of limitations, section 95.11(2)(b), Florida Statutes (2001).[2] The lower court *1227 granted the City's motion and entered final summary judgment in its favor, finding that,
[O]n November 24, 1993 [Collections] was on notice that the liens were allegedly not valid. This is the date [Collections'] cause of action may have accrued. However, in the light most favorable to [Collections], this action should have been filed no later than January 10, 1999. This is based upon record evidence that on January 10, 1994 the City advised [Collections] that it would take no independent action to assist [Collections] in recording or perfecting the liens.
This appeal ensued.
Summary judgment is proper where there are no genuine issues of material fact and where the moving party is entitled to a judgment as a matter of law. Volusia County v. Aberdeen at Ormond Beach, L.P., 760 So.2d 126, 130 (Fla.2000). We review the matter de novo and in the light most favorable to the non-moving party. Sierra v. Shevin, 767 So.2d 524, 525 (Fla. 3d DCA 2000). If the slightest doubt exists, summary judgment must be reversed. Sierra, 767 So.2d at 525; see also Cox v. CSX Intermodal, Inc., 732 So.2d 1092, 1095 (Fla. 1st DCA 1999) ("If the record reflects even the possibility of a material issue of fact, or if different inferences can be drawn reasonably from the facts, that doubt must be resolved against the moving party and summary judgment must be denied.").
In this case, there is a genuine issue of material fact as to when the breach of contract occurred. The trial court found that the City clearly breached the contract on January 10, 1994, when the City attorney advised Collections that "the City is not now in the position to take any independent action on this matter," namely, in recording or perfecting the liens. That statement, however, was prefaced by the City advising Collections that it would provide its assistance as set forth in the agreement and the assignment.[3] Indeed, the City continued to assist Collections until 1995, which is what Collections claims it sought all along in accordance with the terms of the contract-cooperation, not independent action. Viewed in the light most favorable to the non-moving party, it is not clear whether the City attorney's letter of January 10, 1994 was a repudiation of the contract or a confirmation that the City would perform under the contract.[4]
Accordingly, we conclude that a genuine issue of material fact exists as to when the five-year statute of limitations began to run on Collections' claim against the City for breach of contract. We reverse the final summary judgment and remand for trial.
Reversed and remanded.
NOTES
[1] In connection with this allegation, Collections claims that in 1998, it discovered that the City had collected on liens or lien rights previously sold to Collections. The City asserts, however, that Collections was aware of this since 1992.
[2] Under section 95.11(2)(b), a "legal or equitable action on a contract, obligation or liability founded on a written instrument" shall be commenced within five years. Section 95.031, Florida Statutes (2001), in turn, provides that the time within which an action shall be commenced under any statute of limitations runs from the time the cause of action accrues. A cause of action accrues when the last element constituting the cause of action occurs. § 95.031(1), Fla. Stat. In a claim for breach of contract, the elements of which are the existence of a contract, a breach thereof and damages, AIB Mortgage Co. v. Sweeney, 687 So.2d 68, 69 (Fla. 3d DCA 1997), the action accrues at the time the contract is breached. See State Farm Mut. Auto. Ins. Co. v. Lee, 678 So.2d 818, 821 (Fla.1996).
[3] Collections argues that provisions of the contract reveal that at the time the contract was drafted, the parties contemplated further acts necessary to perfect at least some of the liens or lien rights sold.
[4] Nor is it clear from the record whether Eber's letter of November 24, 1993 was a determination by Collections that the City was in breach of the contract; or whether Collections was simply seeking the City's assistance pursuant to the terms of the contract to perfect the subject liens and lien rights.