RAMIREZ, J.
Fausta Labarerre appeals the entry of summary judgment in favor of her former employer, appellee Cervera Real Estate, Inc., in which she sought to recover unpaid real estate commissions. We reverse because there are issues of material fact that preclude the entry of summary judgment.
On September 15, 1998, Labarerre and Cervera entered into a contract in which Labarerre “register[ed] ... Frederic Rado, his family business and/or assigns” as her “client” with Cervera. The contract mentions Frederic Rado’s contact with La-barerre in which he solicited her help in the purchase of particular site or “any other” site in the same area. The contract also mentions Frederic Rado’s interest to seek Labarerre’s and Cervera’s help in the development of the “Bel-Air Hotel site.” Labarerre and Cervera also agreed to “split 50/50 the commission received by Cervera ... of whatever business [they] do with this client and others that might arrive through him.”
Frederic Rado’s father, Gabor Rado, eventually developed the Bel-Aire Hotel site into a condominium project. On February 8, 2002, Gabor Rado listed the Bel-Aire Hotel site with Cervera who in turn marketed the project and sold a number of condominiums. Labarerre, however, did not receive any commission from those sales.
*1078 Upon review of the entry of summary judgment, we must construe the facts in the light most favorable to the non-moving party. See Collections, USA, Inc. v. City of Homestead, 816 So.2d 1225, 1227 (Fla. 3d DCA 2002). If the slightest doubt exists, the entry of summary judgment must be reversed. Id. When the facts are viewed in the light most favorable to La-barerre, there is an issue of fact as to whether Labarerre and Cervera intended the September 15, 1998 contract to govern not only Frederic Rado, but also “his family business and/or assigns,” as well as any business that would arise “through him.” This issue of the intent of the parties as to the September 15, 1998 contract should be properly submitted to the trier of fact for determination, thus precluding the entry of summary judgment. See Birwelco-Montenay, Inc. v. Infilco Degremont, Inc., 827 So.2d 255, 257 (Fla. 3d DCA 2001).
Reversed and remanded for trial.