# Third District Court of Appeal

## State of Florida

Opinion filed May 10, 2017.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D16-1579
Lower Tribunal No. 09-42627

_____

**Jose A. Rivero,**
Appellant,

vs.

**David A. Howard, Esq., etc., et al.,**
Appellees.

An Appeal from the Circuit Court for Miami-Dade County, Robert J. Luck, Judge.

Jose A. Rivero, in proper person.

David S. Molansky, for appellees.

Before ROTHENBERG, EMAS and FERNANDEZ, JJ.

EMAS, J.

Appellant Jose A. Rivero appeals from a final summary judgment in favor of appellees David A. Howard, Esq. and David A. Howard P.A. For the reasons that follow, we affirm in part and reverse in part.

Rivero filed a complaint against appellees for legal malpractice. In his legal malpractice complaint, Rivero alleged that he retained appellees for the purpose of filing a false arrest claim against Rivero's former girlfriend, Mayile Salgado, and against Miami-Dade Detective Jesus Fuentes (individually), as well as a malicious prosecution claim against the Miami-Dade State Attorney's Office and the Miami-Dade Police Department. Rivero alleged that appellees negligently failed to file suit and instead permitted the statute of limitations to expire, barring Rivero's false arrest claims against Salgado and Fuentes and his malicious prosecution claims against the Miami-Dade State Attorney's Office and the Miami-Dade Police Department.

Appellees answered the complaint and alleged several affirmative defenses, including, inter alia, that there was probable cause to arrest Rivero, and thus that Rivero could not have prevailed on a claim for false arrest against Salgado and Fuentes.

Thereafter, appellees filed a motion for summary judgment, contending that there were no disputed issues of material fact and that, because Rivero could not have prevailed in the underlying false arrest or malicious prosecution claims,

2

Rivero as a matter of law cannot establish a cause of action for legal malpractice against appellees. Specifically, appellees contended that, as to the false arrest claim, there was probable cause to arrest Rivero, thus barring any viable claim for false arrest; absent a viable underlying claim, Rivero cannot establish a cause of action for legal malpractice premised on appellees' failure to timely file a false arrest claim.[1] The trial court agreed, and entered final summary judgment in favor of appellees.[2]

This appeal followed, and we review de novo the trial court's entry of summary judgment. Collections, USA, Inc. v. City of Homestead, 816 So. 2d

---

[1] Legal malpractice actions of this nature are sometimes referred to as "a case within a case" because, in order to establish causation for purposes of the malpractice action, the plaintiff must prove that, but for the attorney's negligence, the plaintiff would have prevailed on the underlying claim (here, false arrest or malicious prosecution). See, e.g., Gunn v. Minton, 133 S. Ct. 1059, 1065 (2013); Silvestrone v. Edell, 701 So. 2d 90, 92 (Fla. 5th DCA 1997), rev'd on other grounds, 721 So. 2d 1173 (Fla. 1998).

[2] In addition to finding that Rivero could not establish a viable claim of false arrest against Salgado and Fuentes, the trial court also found that Rivero could not establish a viable claim for malicious prosecution against the Miami-Dade State Attorney's Office or the Miami-Dade Police Department. Appellant does not challenge (and has therefore abandoned) that portion of the final summary judgment regarding his claim that appellees failed to timely file an action for malicious prosecution against the Miami-Dade State Attorney's Office and the Miami-Dade Police Department. We therefore affirm the final summary judgment insofar as it determined that Rivero's legal malpractice claim could not be premised upon appellees' alleged failure to file a malicious prosecution claim against the Miami-Dade State Attorney's Office or against the Miami-Dade Police Department. Our decision reversing the final summary judgment is limited to Rivero's legal malpractice action premised upon appellees' alleged failure to timely file a claim for false arrest against Salgado and Fuentes.

1225, 1227 (Fla. 3d DCA 2002). Summary judgment is proper only if there is no genuine issue of material fact and if the moving party is entitled to judgment as a matter of law. Id.

False arrest is "the unlawful restraint of a person against that person's will." Willingham v. City of Orlando, 929 So. 2d 43, 48 (Fla. 5th DCA 2006). The existence of probable cause to arrest is an affirmative defense to a false arrest claim. Miami-Dade Cty. v. Asad, 78 So. 3d 660, 669 (Fla. 3d DCA 2012); Mailly v. Jenne, 867 So. 2d 1250, 1251 (Fla. 4th DCA 2004). An arresting officer, however, is required to conduct a reasonable investigation in order to determine whether probable cause exists to arrest a person. Harder v. Edwards, 174 So. 3d 524, 534 (Fla. 4th DCA 2015); City of Clearwater v. Williamson, 938 So. 2d 985, 990 (Fla. 2d DCA 2006). Moreover, "[w]here it would appear to a 'cautious man' that further investigation is justified before instituting a proceeding, liability may attach for failure to do so, especially where the information is readily obtainable, or where the accused points out the sources of the information." Harris v. Lewis State Bank, 482 So. 2d 1378, 1382 (Fla. 1st DCA 1986). See also City of St. Petersburg v. Austrino, 898 So. 2d 955 (Fla. 2d DCA 2005).

Our review of the record, taken in a light most favorable to Rivero as the non-moving party, demonstrates that there remain disputed issues of material fact regarding whether, prior to arresting Rivero, Detective Fuentes conducted a

4

reasonable investigation (and whether a reasonable investigation would have established probable cause to arrest Rivero). Because these issues of material fact remained in dispute, the trial court erred in its determination that Rivero could not have prevailed on a claim of false arrest against Salgado or against Fuentes. We therefore reverse that portion of the summary judgment. We affirm the trial court's summary judgment insofar as it determined that Rivero could not have prevailed on a claim of malicious prosecution against the Miami-Dade State Attorney's Office or against the Miami-Dade Police Department.

Affirmed in part, reversed in part and remanded for proceedings consistent with this opinion.