# Third District Court of Appeal

## State of Florida

Opinion filed November 21, 2018.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D17-2757
Lower Tribunal No. 16-12427
_____

**Sean White,**
Appellant,

vs.

**Ferco Motors Corp.,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Eric William Hendon, Judge.

Roger D. Mason, II, Joseph V. Nemeh and Elizabeth A. Buchwalter (Tampa), for appellant.

Karen B. Parker, for appellee.

Before ROTHENBERG, C.J., and FERNANDEZ, and SCALES, JJ.

FERNANDEZ, J.

Sean White appeals an order granting final summary judgment in favor of

Ferco Motors Corporation, on his claims of negligence, fraud, and violation of

Florida's Deceptive and Unfair Trade Practices Act ("FDUTPA"), alleging disputed issues of material fact exist as to all claims. Upon review of the record, we find that genuine issues of material fact do exist and reverse on this basis.

In October 2015, White came across an internet advertisement for the sale of a used 2008 Series 3 BMW vehicle posted by Ferco Motors, a used car dealer. White contacted Ferco Motors and placed a $100.00 deposit on the vehicle to allow him to travel from Tampa to Miami to purchase the vehicle. On October 15, 2015, White test drove the BMW but declined the opportunity to have the vehicle inspected by a third party prior to purchase. Instead, White relied upon his review of the CARFAX summary that revealed 1.) no reported accidents or structural damage to the BMW and 2.) the BMW had been inspected by "Braman Miami" in May 2014, prior to its sale to Ferco Motors, at auction, on September 23, 2015. White alleges that, prior to purchasing the BMW, two Ferco Motors' sales representatives informed him that Ferco Motors had inspected the vehicle to ensure that it was "mechanically sound."

The sales representatives' statements regarding Ferco Motors' inspection of the vehicle appear consistent with the affidavit of Ferco Motors' president, Juan Carlos Fernandez. In his affidavit, Fernandez attests that he personally inspected the BMW prior to purchasing it at auction, finding the vehicle "to be in good condition [with] . . . no leaks or indication that the vehicle had any problems with

the engine or oil leaking." Moreover, upon transporting the BMW to Ferco Motors' lot after the auction, Fernandez attests that the vehicle was "again inspected for functioning, leaks, engine problems, warning lights, etc.", which "revealed no abnormalities . . . ." White further alleges that the sales representatives told him that, in ensuring the BMW was "mechanically sound," Ferco Motors had performed an oil change on the vehicle. However, Ferco Motors denies performing such an oil change.

In his purchase of the vehicle from Ferco Motors, White executed four separate documents that are relevant here. The first is a Retail Purchase Agreement, containing a "warranty statement" providing that, "We are selling this Vehicle to you As-Is." The second document is a Buyer's Guide, providing, in bold type, "AS-IS NO WARRANTY . . . YOU WILL PAY ALL COSTS FOR ANY REPAIRS," and further states that "[t]he dealer assumes no responsibility for any repairs regardless of any oral statements about this vehicle." Third is a Spot Delivery Agreement, containing an addendum providing "Ferco Motors Corp. does not assume any responsibilities for the history of this vehicle," and "[t]his affidavit releases Ferco Motors corp. [sic] from any claims or lawsuits now or in the future." Lastly, the fourth document is the waiver of service contract on the vehicle.

After purchasing the BMW, White drove it 300 miles back to Tampa without issue. Two days later, on October 17, 2015, the BMW broke down, mid-

3

day, while White was driving it on the highway. The check engine light failed to come on. While waiting for the tow truck to arrive, White opened the glove box and allegedly saw that many of the fuses were missing from the fuse box.

When White had the vehicle inspected by an auto repair shop, the mechanic, John Tosar, concluded that the vehicle had an irreparably blown engine block from a lack of oil in the engine. According to the mechanic's affidavit, the vehicle had "sustained no damage or punctures which would have caused a sudden or significant oil leak," and the vehicle "was either filled with an insufficient amount of oil, filled with the wrong type of oil, or was slowly leaking oil over time." The mechanic further asserted that he "personally observed the check engine light to be disabled" and that "[h]ad the check engine light been operational, it would have alerted Mr. White at the time of a potential issue, possibly avoiding the engine failure all together."

In May 2016, White filed the instant action against Ferco Motors alleging claims for: fraud (count I), fraudulent concealment (count II), negligent misrepresentation (count III), and violations of FDUTPA (count IV). All claims stem from the common allegations surrounding White's purchase of the BMW. In October 2016, Ferco Motors moved for summary judgment on all claims, arguing that 1.) the claims of fraud and negligent misrepresentation were barred by the economic loss rule; and 2.) all claims failed because White had purchased the

BMW "As-Is," and there was no evidence that Ferco Motors had concealed the condition of the vehicle prior to selling it to White. In opposing the summary judgment motion, relying upon his own deposition and the mechanic's affidavit, White argued that: 1.) the Ferco Motors sales representatives misrepresented that Ferco Motors had performed a proper inspection of the vehicle and had lied about performing an oil change prior to selling it to White, and 2.) Ferco Motors had disabled the BMW's check engine light so that White would not be alerted to potential issues with the vehicle's engine.

On November 9, 2017, the trial court held a hearing on Ferco Motors' motion for summary judgment. On November 14, 2017, the trial court entered an order granting final summary judgment in favor of Ferco Motors on all claims. The order provides, in relevant part:

> 1. The Court finds that Plaintiff purchased a used automobile from Defendant Ferco Motors Corp.
> 2. The Court finds that the Plaintiff executed several documents acknowledging that he was purchasing a used vehicle in As-Is Condition and that he acknowledged that he could not rely on any oral representations as to the condition of the vehicle.
> 3. The Court finds that the Plaintiff chose not to have the vehicle inspected by anyone other than himself and he chose not to purchase a service contract.
> 4. The Court finds that as a matter of record, there is no admissible competent substantial evidence that there was any fraud or misrepresentations or deceptive trade practices committed by Defendant Ferco Motors.
> 5. The Court finds that there are no genuine issues of material fact.

This appeal ensued.

Our standard of review of an order granting summary judgment is *de novo*. We review the record to determine whether there are genuine issues of material fact that preclude summary judgment. <u>Collections, USA, Inc. v. City of Homestead</u>, 816 So. 2d 1225, 1227 (Fla. 3d DCA 2002). Our review of the record discloses genuine issues of material fact regarding the condition of the vehicle at the time that it was delivered to White. Specifically, whether Ferco Motors negligently performed an oil change or disconnected the fuses that would have alerted White to an engine problem.

Though White signed an agreement that he was accepting purchase of the vehicle "As-Is" and agreed that he could not rely on oral promises, the facts of this case, considered in light of the mechanic's affidavit, the charge made by the dealership for inspection, and the condition of the vehicle, i.e., disconnected fuses, present  the existence of a genuine issue of material fact. "If the record reflects even the possibility of a material issue of fact, or if different inferences can be drawn reasonably from the facts, that doubt must be resolved against the moving party and summary judgment must be denied." <u>Cox v. CSX Intermodal, Inc.</u>, 732 So. 2d 1092, 1095 (Fla. 1st DCA 1999).

White was charged a "pre-delivery service charge" that he was told included an oil change and ensured the vehicle was mechanically sound. Ferco Motors'

argues that White signed a document that states that he could not rely on oral promises. But the pre-delivery document itself states, "This charge represents costs and profits to the Dealer for items such as inspecting, cleaning, and adjusting vehicles, and preparing documents related to the sale." White had to pay an additional fee for "inspecting" and "adjusting." Even though the document does not include an oil change, upon inspection, a lack of oil in the vehicle should reasonably have been discovered. This aspect lends additional support to White's contention that a genuine issue of material fact exists in this case.

FDUTPA and fraud statutes, in general, exist to protect a purchaser against the seller, even in the instance of signed agreements. "[A]n individual cannot waive the protection of a statute that is designed to protect both the public and the individual. . . . A contractual provision that defeats the remedial and deterrent provisions of a statute is contrary to public policy and is unenforceable." Holt v. O'Brien Imports of Fort Myers, Inc., 862 So. 2d 87, 89 (Fla. 2d DCA 2003).

Concluding that genuine issues of material fact exist, we reverse and remand for further proceedings.

Reversed and remanded.