# Third District Court of Appeal

## State of Florida

Opinion filed March 12, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D23-0923
Lower Tribunal No. 20-11486
_____

**Miguel Betancourt, et al.,**
Appellants,

vs.

**Citizens Property Insurance Corporation,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Beatrice Butchko, Judge.

Giasi Law, P.A., Erin M. Berger and Melissa A. Giasi (Tampa), for appellants.

Williams, Leininger & Cosby, P.A., Carri S. Leininger and Maureen Martinez (North Palm Beach), for appellee.

Before LOGUE, C.J., and SCALES and GORDO, JJ.

PER CURIAM.

Miguel Betancourt and Ana Diaz ("Homeowners") appeal a final summary judgment entered in favor of Citizens Property Insurance Corporation ("Citizens"). We have jurisdiction. Fla. R. App. P. 9.030(b)(1)(A). We reverse.

## I.

The Homeowners purchased a residential insurance policy from Citizens for the period of October 10, 2018 to October 10, 2019. The policy covered direct physical loss and excluded any damages occurring prior to the policy's inception. On July 9, 2019, while the policy was in effect, the Homeowners discovered water damage in several areas of the property, including the master bedroom. They contacted a public adjuster for an inspection and reported the loss to Citizens. Citizens hired an industrial hygienist who inspected the property and determined that the water damage resulted from a "historic leak." As a result, Citizens denied the claim.

The Homeowners then filed the underlying action for breach of contract. After filing its answer, Citizens moved for summary judgment arguing no genuine issue of material fact existed as to whether the water damage preexisted the policy period. In support, Citizens filed the affidavit of its hygienist, which provided "[t]he water-damaged bedroom west wall was attributed to a historic leak associated with a pre-existing shower

2

enclosure/bathtub that occurred for a minimum period of two months in duration before the leak was stopped." While the hygienist attributed the master bedroom's water damage to prior renovations, he did not opine on whether the water damage preexisted the policy period.

The Homeowners filed a response in opposition. In support, they filed the affidavit of their engineer, who testified that "it is likely the damages were first discovered on or about July 9, 2019." While the engineer found it "likely the leak occurred before July 9, 2019 unnoticed," he testified that "there was an absence of the classic evidence that is to be expected if there was [a] leak or issue that predated October 2018 such as wet rot, excessive swelling to the wall board, large mold growth, or mold growth visible even without removing the baseboards or wall materials." He added "had this leak and resulting damage occurred or been ongoing since before October 2018, a much more prevalent state of wood rot and deterioration would be expected and observed than what was documented at the [Homeowners'] Property." He therefore concluded that "it cannot be said with any reasonable degree of engineering certainty that these damages occurred prior to October 10, 2018," the policy start date. The Homeowners' engineer based this conclusion on his own inspection of the property, along with other

3

observations and reports from Citizens' hygienist and the Homeowners' adjuster and plumber.[1]

After a hearing, the trial court granted Citizens' motion for summary judgment finding there was no genuine issue of material fact for a jury to resolve. The trial court relied on Citizens' hygienist's testimony and the plaintiff's deposition testimony to find the water damage preexisted the policy period. The court additionally found that the Homeowners' engineer's affidavit was conclusory and did not refute the hygienist's findings. The Homeowners filed a motion for rehearing, which was denied. This appeal followed.

## II.

"Our standard of review of an order granting summary judgment is *de novo.*" Ottey v. Citizens Prop. Ins. Corp., 299 So. 3d 500, 501 (Fla. 3d DCA 2020) (quoting White v. Ferco Motors Corp., 260 So. 3d 388, 390 (Fla. 3d DCA 2018)). "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fla. R. Civ. P. 1.510(a). "The court shall state on the record the reasons for granting or denying the motion." Id.

---

[1] The Homeowners initially filed an affidavit from their plumber but later withdrew it, relying primarily on their engineer's affidavit.

4

"A party asserting that a fact cannot be or is genuinely disputed must support the assertion by . . . citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations . . . ." Fla. R. Civ. P. 1.510(c)(1)(A). "When seeking summary judgment, the moving party must identify 'each claim or defense-- or the part of each claim or defense--on which summary judgment is sought.'" Romero v. Midland Funding, LLC, 358 So. 3d 806, 808 (Fla. 3d DCA 2023) (quoting Fla. R. Civ. P. 1.510(a)). "Once the party moving for summary judgment satisfies this initial burden, the burden then shifts to the nonmoving party to come forward with evidence demonstrating that a genuine dispute of material fact exists." Id.

**III.**

On appeal, the Homeowners argue the trial court erred in granting summary judgment because there was a genuine issue of material fact relating to whether the property sustained water damage during the policy period.

We agree as we find the Homeowners' engineer's affidavit was sufficient to create a genuine issue of material fact preventing summary judgment. The competing expert affidavit was appropriately based on the engineer's experience in the field, evaluation of all relevant documentation

5

in the case and his own inspection of the property.[2]  The engineer relied on sufficient facts in developing the conclusion that the damage could not have occurred before October 10, 2018, and he sufficiently refuted Citizens' hygienist's findings to the contrary.  Because a genuine dispute of material fact remained as to whether the water damage in the master bedroom preexisted the policy period, we find the trial court's entry of final summary judgment in favor of Citizens was premature.  We therefore reverse the final summary judgment under review and remand for further proceedings.[3]  See Chowdhury v. BankUnited, N.A., 366 So. 3d 1130, 1134 (Fla. 3d DCA 2023) ("Our new summary judgment standard mirrors the standard for a directed verdict such that the inquiry focuses on 'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" (quoting In re Amends. to Fla. Rule of Civ. Proc. 1.510, 309 So. 3d 192, 192 (Fla. 2020))); Vega v. Safepoint Ins. Co., 326 So. 3d 176, 181 (Fla. 3d DCA 2021)

---

[2] The affidavit explicitly stated that the engineer's opinion was based on his physical inspection of the property, a review of claim documents, various photographs, reports from Citizens' hygienist and the Homeowners' adjuster and other relevant documentation.  It therefore cannot be said that the engineer merely relied on the withdrawn affidavit of the plumber in concluding that the water damage could not have preexisted the policy period.

[3] Because we reverse on this issue, we need not address the other issues raised.

("[Plaintiff's] Expert's conclusions based on his experience and review of the record in combination with [Plaintiff's] deposition testimony . . . were sufficient to create a genuine issue of material fact. Thus, summary judgment was inappropriate at this juncture of the proceedings."); <u>Garcia v. First Cmty. Ins. Co.</u>, 241 So. 3d 254, 258 (Fla. 3d DCA 2018) ("Because a genuine issue of material fact exists . . . entry of final summary judgment in favor of [the insurance company] was improper.").

Reversed and remanded.