# Third District Court of Appeal

## State of Florida

Opinion filed May 21, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D24-1131
Lower Tribunal No. 22-4692-CA-01
_____

**MJ Island Investments LLC, et al.,**
Appellants,

vs.

**ESJ JI GP, LLC, et al.,**
Appellees.

An Appeal from the Circuit Court for Miami-Dade County, Migna Sanchez-Llorens, Judge.

Houston Roderman, PLLC, and Bart A. Houston (Fort Lauderdale), for appellants.

Boies Schiller Flexner, LLP, and Bruce A. Weil; Bilzin Sumberg Baena Price & Axelrod LLP, and Adrian K. Felix, for appellees.


Before LOGUE, C.J., and EMAS and GOODEN, JJ.

LOGUE, C.J.

MJ Island Investments LLC and Michael Bitton, plaintiffs below (collectively, "Limited Partners"), appeal a final order of dismissal with prejudice entered in favor of defendants below, ESJ JI LP, LLC and ESJ JI GP, LLC (collectively, "the Partnership"). For the reasons stated below, we reverse and remand for further proceedings.

## Background

MJ Island and Bitton are limited partners in the Partnership, pursuant to the July 2, 2016, Limited Partnership Agreement ("Partnership Agreement").

In March 2022, Limited Partners filed a complaint against the Partnership alleging a violation of their right to inspect books and records pursuant to the terms of the Partnership Agreement and the Florida Revised Uniform Limited Partnership Act, sections 620.1111 and 620.1304, Florida Statutes. They alleged they requested to inspect books and records, but the Partnership allowed them to inspect only some of the records requested and insisted upon an overly burdensome confidentiality agreement.

On April 15, 2022, Limited Partners filed a motion for summary judgment, with three declarations in support. The declarations expressly stated that the Partnership failed to produce all the records requested. On April 21, 2022, the Partnership filed its answer disputing many of the

2

allegations in the complaint. In October 2023, the Partnership filed its response in opposition to Limited Partners' motion for summary judgment. In it, the Partnership maintained it had produced all the documents to which the Limited Partners were entitled. Significantly, however, the Partnership did not attach any supporting affidavits, declarations, sworn evidence, or stipulated facts. Its response instead consisted entirely of legal arguments and unauthenticated letters and emails.

In July 2023, the Partnership filed its own competing motion for summary judgment, asserting all the requested records had been produced and the relief requested was moot because the parties had reached an agreement. Again, however, the motion consisted entirely of legal argument. The Partnership attached no supporting affidavits, declarations, sworn evidence, or stipulated facts.

On October 30, 2023, Limited Partners filed a response in opposition to the Partnership's summary judgment motion, contending that the Partnership had produced an incomplete portion of the required information and denying a final agreement had been reached.

At the hearing on the competing summary judgment motions, the trial court indicated that it would deny the Partnership's motion. In contradiction to its oral pronouncement, however, the trial court entered its written order

granting the Partnership's motion and determining the case to be moot based on the "full production of the requested records." The order also directed the parties to agree on the terms of a confidentiality agreement. The trial court ultimately dismissed the case with prejudice. The Limited Partners have timely appealed.

## Analysis

The standard of review of an order granting summary judgment is de novo. Blue Star Restoration Inc. v. Citizens Prop. Ins. Corp., 271 So. 3d 115 (Fla. 3d DCA 2019) (quoting White v. Ferco Motors Corp., 260 So. 3d 388 (Fla. 3d DCA 2018)). "We review the record to determine whether there are genuine issues of material fact that preclude summary judgment." Id. (citing Collections, USA, Inc. v. City of Homestead, 816 So. 2d 1225, 1227 (Fla. 3d DCA 2002)). Similarly, whether an issue is moot is a question of law also subject to de novo review. Pub. Health Tr. of Miami-Dade Cnty., Fla. v. Dep't of Health, 230 So. 3d 992, 994 (Fla. 1st DCA 2017).

The order on appeal concludes the "action is moot" because the Partnership has "already produced all requested records," and that the "matter has been resolved and nothing remains to be decided by the trier of fact." In support of the trial court's order, the Partnership maintains it produced all the records it was required to produce. The problem with this

4

argument is that the summary judgment record contains no evidence to support its factual claim in this regard. In contrast, the Limited Partners supported their own motion and opposed the Partnership's motion with a total of six declarations averring that all the information requested was not produced. Moreover, the issue of the form of the confidentiality agreement remains unresolved with the parties disagreeing over its terms. An order directing the parties to resolve their dispute, while undoubtedly prudent and wise, does not render the unresolved dispute moot.

Given this state of the summary judgment record, we can only conclude that the Partnership failed to carry its initial burden of proving the non-existence of any material fact. Moreover, even if the Partnership had met its initial burden, the declarations filed by the Limited Partners clearly created issues of fact sufficient to preclude summary judgment for the Partnership. <u>Septentriona Domus, LLC v. Keystone Morgan Real Est. & Prop. Mgmt. LLC</u>, No. 3D24-0264, 2025 WL 854179, at *2 (Fla. 3d DCA Mar. 19, 2025) ("Once the moving party demonstrates an absence of proof, 'it is incumbent upon the nonmoving party to come forward with evidentiary material demonstrating that a genuine issue of material fact exists as to an element necessary for the non-movant to prevail at trial.'" (quoting <u>Rich v.</u>

5

<u>Narog</u>, 366 So. 3d 1111, 1118 (Fla. 3d DCA 2022))). <u>See also</u> Fla. R. Civ. P. 1.510(c)(1)(A).

Reversed and remanded for further proceedings.