# Third District Court of Appeal

## State of Florida

Opinion filed February 11, 2026.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D24-0273
Lower Tribunal No. 20-CA-745-K
_____

**Olivia Reyes,**
Appellant,

vs.

**Blue Cross Blue Shield of Florida, Inc., et al.,**
Appellees.

An Appeal from the Circuit Court for Monroe County, Timothy J. Koenig, Judge.

Wasson & Associates, Chartered, and Roy D. Wasson; Open Book Appeals and Erin Pogue Newell; Health and Medicine Law Firm, and Maria T. Santi, for appellant.

Johnson, Anselmo, Murdoch, Burke, Piper & Hochman, P.A., and Christopher J. Stearns and Selena A. Gibson, for appellee Florida Keys Aqueduct Authority.

Before GORDO, BOKOR and GOODEN, JJ.

GORDO, J.

## ON MOTION FOR REHEARING AND CLARIFICATION

We deny the motion for rehearing and clarification but withdraw our previous opinion and substitute the following opinion in its stead.

Olivia Reyes ("Reyes") appeals from a final summary judgment entered in favor of Florida Keys Aqueduct Authority ("FKAA"). We have jurisdiction. Fla. R. App. P. 9.030(b)(1)(A). We affirm.

### I.

FKAA is a governmental entity that operates a self-funded health insurance plan and serves as a self-insurer for its employees. Reyes, an FKAA employee, participated in the self-funded plan.

In August of 2019, Reyes underwent elective cosmetic procedures, including liposuction and abdominoplasty. FKAA's health insurance plan excludes coverage for cosmetic surgery and any complications arising from such procedures.[1]

Twelve days after the procedure, Reyes developed complications related to the surgery. She was hospitalized for over a month and treated for an infection at the site of the abdominoplasty. Reyes submitted medical bills for payment under her health insurance plan. FKAA denied coverage,

_____

[1] Reyes concedes that her surgery was not covered under the plan.

2

determining the expenses were complications of a noncovered service under the plan.

Reyes filed the underlying action against FKAA, asserting claims for breach of contract, breach of fiduciary duty, and third-party beneficiary breach of contract. FKAA moved for summary judgment. Reyes filed a response in opposition. Following a hearing, the trial court granted FKAA's motion for summary judgment, finding no genuine dispute of material fact. Reyes moved for rehearing, which the trial court denied. This appeal followed.

**II.**

"Our standard of review of an order granting summary judgment is *de novo.*" Ottey v. Citizens Prop. Ins. Corp., 299 So. 3d 500, 501 (Fla. 3d DCA 2020) (quoting White v. Ferco Motors Corp., 260 So. 3d 388, 390 (Fla. 3d DCA 2018)). "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Betancourt v. Citizens Prop. Ins. Corp., 406 So. 3d 1011, 1013 (Fla. 3d DCA 2025) (quoting Fla. R. Civ. P. 1.510(a)). "The court shall state on the record the reasons for granting or denying the motion." Id. "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by citing to particular parts of

materials in the record, including depositions, documents, electronically stored information, affidavits or declarations." Id. (quoting Fla. R. Civ. P. 1.510(c)(1)(A)). "When seeking summary judgment, the moving party must identify 'each claim or defense-or the part of each claim or defense-on which summary judgment is sought.'" Romero v. Midland Funding, LLC, 358 So. 3d 806, 808 (Fla. 3d DCA 2023) (quoting Fla. R. Civ. P. 1.510(a)). "Once the party moving for summary judgment satisfies this initial burden, the burden then shifts to the nonmoving party to come forward with evidence demonstrating that a genuine dispute of material fact exists." Id.

## III.

Reyes argues the trial court erred in granting summary judgment for FKAA because a genuine dispute of material fact exists as to whether her hospital treatment resulted from complications of her elective cosmetic surgery. The subject hospital records, however, specifically document that she was treated for a post-operative infection at the incision site resulting from the cosmetic surgery.[2] Because the undisputed evidence establishes

---

[2] While Reyes submitted an affidavit from her cosmetic surgeon, Dr. Jason Altman, in opposition to summary judgment, it failed to identify any admissible evidence creating a genuine dispute of material fact. See Passariello v. Bank of New York Mellon, 347 So. 3d 446, 448 (Fla. 3d DCA 2022) ("[A]ffidavits opposing summary judgment must identify admissible evidence and not be based on mere supposition or belief[.]" (citing Gonzalez v. Citizens Prop. Ins. Corp., 273 So. 3d 1031, 1036 (Fla. 3d DCA 2019)));

4

that Reyes's hospitalization stemmed from complications of the cosmetic surgery, FKAA was entitled to summary judgment as a matter of law. See Tarkoff v. Schmunk, 117 So. 2d 442, 444 (Fla. 2d DCA 1959) ("We have held that affidavits on motions for summary judgments should set forth admissible evidence."); Gonzalez v. Citizens Prop. Ins. Corp., 273 So. 3d 1031, 1035-38 (Fla. 3d DCA 2019) ("Summary judgment is designed to test the sufficiency of the evidence to determine if there is sufficient evidence at issue to justify a trial . . . . [A] party should not be put to the expense of going through a trial, where the only possible result will be a directed verdict. . . . [T]he affidavits opposing summary judgment must identify admissible evidence that creates a genuine issue of material fact. The purpose of this requirement is to ensure that there is an admissible evidentiary basis for the case rather than mere supposition or belief. The focus is on whether the affidavits show evidence of a nature that would be admissible at trial . . . . The [Appellants'] affidavits opposing summary judgment did not create a genuine issue of material fact to defeat [Appellee's] summary judgment motion. Accordingly, summary judgment was properly granted." (internal

---

Citizens Prop. Ins. Corp. v. Zamanillo, 388 So. 3d 912, 914 (Fla. 3d DCA 2024) ("If the evidence presented by the nonmovant is merely colorable, or is not significantly probative, summary judgment may be granted." (quoting In re Amends. to Fla. Rule of Civ. Proc. 1.510, 309 So. 3d 192, 193 (Fla. 2020))).

quotation marks and citations omitted)); Chowdhury v. BankUnited, N.A., 366 So. 3d 1130, 1134 (Fla. 3d DCA 2023) ("Our new summary judgment standard mirrors the standard for a directed verdict such that the inquiry focuses on 'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" (quoting In re Amends. to Fla. Rule of Civ. Proc. 1.510, 309 So. 3d 192, 192 (Fla. 2020))).

## IV.

Reyes further argues she received emergency medical services and that the Patient Protection and Affordable Care Act ("PPACA") mandates coverage for such services. The PPACA identifies ten "general categories" of mandatory "[e]ssential health benefits," including "[e]mergency services." 42 U.S.C. § 18022(b)(1)(B). Those essential health benefit requirements, however, do not extend to self-funded health plans maintained by governmental entities. See 42 U.S.C. § 18021(b)(1)(A)–(B) (providing an "exception for self-insured plans" from compliance with the Act). It is undisputed that FKAA is a governmental entity that operates a self-funded health insurance plan. Because there is no genuine dispute of material fact that the PPACA does not require FKAA's plan to provide coverage for emergency medical services, the trial court properly entered summary

6

judgment in FKAA's favor.  See Insight for Living Ministries v. Burwell, No. 4:14-CV-675, 2014 WL 6706921, at *4 (E.D. Tex. Nov. 25, 2014) ("The PPACA exempts certain health plans[.]"); Le v. Unum Ins. Co. of Am., 336 F. Supp. 3d 642, 656 (W.D. La. 2018) (holding that a plan falls within the "governmental plan exemption" where it was maintained by a qualifying governmental entity); Advanced Women's Health Ctr., Inc. v. Anthem Blue Cross Life & Health Ins. Co., No. 13-CV-01145, 2014 WL 3689284, at *8 (E.D. Cal. July 23, 2014) (recognizing that "governmental plans" are not subject to PPACA provisions governing employee benefit plans).[3]

Affirmed.

---

[3] To the extent Reyes raises new issues for the first time on appeal regarding FKAA's compliance with state law, those issues were not presented below. Thus, they are deemed waived and not properly preserved for appellate review.  See Van Lent v. Everglades Found., Inc., 400 So. 3d 64, 74–75 (Fla. 3d DCA 2024) ("We begin our analysis with a basic tenet of Florida appellate review that it is improper to raise for the first time on appeal matters which should have been raised to the trial court.").